The main contention by Mr. Dawodu, I believe, is that the removal was proper. And in particular, I think we've raised in our brief that 42 U.S.C. 1981, as amended under the 1991 Civil Rights Act, now seems to clearly immunize against state prosecutions that are malicious in nature and that are somehow mixed with the type of racial equality that Mr. Dawodu is claiming that he is being denied. And the Rachel case and the City of Greenwood case that the State has raised, that goes back to the 1960s, I don't believe raised the issue of whether the – or did not have before it, of course, the amendments that occurred many years later. And I believe that the 1981 now clearly does allow a removal of this type. It talks about the impairment of one's rights. It talks about – in terms of punishments, pains, and penalties, which has been interpreted clearly to include malicious prosecutions. So we believe that the removal was proper, particularly under that statute that is an equal civil rights statute that the Rachel court talked about. But it also now meets the second prong of the Rachel test because of the amendments in 1991. What's the inequality involved in this case? Mr. Dawodu claims that he is the only person who's actually ever been prosecuted under these financial prorator statutes, that there has never been – Well, maybe he's the first one that ever violated the statutes. I don't know. There's no proof of that one way or the other. So somebody's got to be a first. But the fact that he's black is not the sole reason he was being prosecuted, is it? He indicates that there is racial disparate impact here, that there are other – He admits he engages in the licensed business. Pardon me? He admits he engages in the licensed business, right? That's correct. All right. And is he asserting that he properly engages it, in it, in every respect? Yes, he does. And he also – And the government says he hasn't, right? But he also asserts that there are other individuals who've engaged in this licensed business who are not black, who have not been prosecuted, particularly in Riverside County, and that these are normally handled through the Department of Corporations, that these are administrative matters, and that, in particular, at the time that he – this prosecution was brought, there were, in fact, other individuals similarly situated who were not prosecuted. So he believes that it is racially motivated, and he believes the whole history of this litigation indicates that. What is the foundation for his belief? Did somebody say something to him? Did somebody make an announcement? Was there some kind of press story that we're going to get blacks or, in some way, discriminate against a racial classification? I don't believe that, Your Honor, but I do believe – On what basis does he form his opinion? He believes that all the circumstantial evidences point to the fact that this prosecution is malicious in nature. What is that evidence? What is that evidence that it's malicious in nature? From the fact that a search warrant was issued that was not even signed, there is not even an affidavit to the fact that he was not given – he does not have a preliminary hearing. He's not been given a preliminary examination, as normally would be allowed, to the fact that there was a – But did that come before a judge, and the judge denied the preliminary hearing? Well, originally, the claim was – I did not handle it. I'm not representing him at the lower court level. I have now just come in as co-counsel. So I'm talking on the basis of what has been indicated to me, that he had waived it, but after the Crawford case came out, he had asked for a preliminary hearing indicating that the State – he had waived it under the assumption that the State could put up hearsay evidence on the basis of showing some reasonable probable cause to go forward. He's been denied that. Hearsay evidence to form the basis of the probable cause to arrest? Is that what you're saying? No. Hearsay evidence to form the probable cause to go forward on the prosecution itself. There was an arrest warrant that was issued, or a search warrant that was issued that is based on an affidavit that is not signed. I'm just going to ask the same question. Does Crawford apply to preliminary hearings? We believe it does. We believe that it's quintessential type of – testimonial type of evidence that Crawford talks about. I think there's direct language in there. The preliminary examinations are – Well, how else – in what other ways do you assert that your client has been denied or treated differently based on his race? There is also an issue of an amended information. I think we specifically pled that. There was – and I think Mr. Glosser, who was the primary attorney at that time, the people had filed an amended information. There was a demur to that. The amended information superseded the prior information. Then it was withdrawn, and it was clearly filed. But the court indicated that it had not been filed. Well, how do we know that all of this is racially motivated? Well, I – you know, I think that under Washington v. Davis, one can establish by circumstantial evidence an inference of racial discrimination. One doesn't have to have direct statements necessarily. Well, no, that's true. You can, but I mean, what is the indication that all of this is racially motivated and not just the typical, you know, actions in the – what is it, Riverside County? That's correct. The other financial prorators that Mr. Duarte claims some of his competitors, who he says were engaging the exact same activity, who are not Afro-American, and who have engaged – if he is engaging – he's claiming an illegal activity, they certainly have engaged – that the people – the DA's office has not brought any prosecution against them. In fact, they have somehow used the information they've been working together with those other financial prorators to form the case against Mr. Duarte. The DA's office has solicited – in fact, the first complainant in the original arrest warrant was apparently a plant from the DA, somebody that had – was working at the DA's office at the very time. So there's no direct evidence in the sense of, as Judge Beezer pointed out, statements maybe to that effect. But we believe that there's certainly a lot of – Now, is there any evidence that the defendant would not get a fair trial in the state system, under state law, in its anti-discrimination provisions? I think the information is very troubling. The fact that amended information was filed and then withdrawn, and that the state court indicated that it had not been filed when it was clearly stamped as filed, and DeMurray had been filed to that, the case law, state law case law, is to the effect that that would supersede the original information, and that when it was withdrawn, the case would be just dismissed automatically. And the state court just didn't agree with that, said it had not been filed. The state court, even though there was a file stamp on it, indicated it had just been received by the court, not actually filed. I think that is very troubling. I think it's troubling that Mr. Duarte is now not being given a preliminary examination. They've played hide-and-seek with discovery for some five years. They seized all his computer tapes and only recently gave him some of the witnesses that they were going to use. There seems to be some evidence that the tapes have been tampered with, and some of the files that he had on there originally are now deleted. So I think there is evidence that he is not being given a fair trial here. Well, it's even not enough under Greenwood. Greenwood seems to say that it's not enough even to show that you can't get a fair trial in a particular state court. They seem to say there has to be some kind of pervasive showing that the entire state court system is biased. Or that more likely that there's a state law that the state courts would have to enforce that would be itself in violation of civil rights. But they say that it is not enough to support removal, to allege or show that the defendant's removal, that the defendant's federal civil rights have been illegally and illegally brought by state officials, that the charges are false, or that the defendant is unable to obtain a fair trial in a particular state court. Now, assume you show all of that, that the charges are false, that they're illegally brought by state officials, and the defendant's unable to obtain a fair trial in a particular state court. They say that's not enough. What more can, you might ask, what more can you show? Would you have to show that there's something wrong with the state system? The way I read Greenwood, and I think if you read Greenwood just on its facts at the time that it was decided, that may very well be true, the way the court has characterized it. But the latter cases, and I think you cited some cases where removal has been proper, where defendants have claimed that they were somehow immunized under the Federal Fair Housing Act, under the Voting Rights Act, seems to take a little bit more of an expansive view of that, in that if there's a federal statute that one can claim immunizes the activity in some way, prevents the state from doing the type of activity that is being done, that one doesn't have to show necessarily that the state court system is so infected with this pervasive discrimination. And I believe 42 U.S.C. 1981 now, if one takes the view that it's only that, then I think it eviscerates any of the guarantees that one has under 42 U.S.C. 1981. Well, I think the decision may well eviscerate the removal statute. It was a five to four decision with Warren, Brennan, and their friends in dissent, for the very reason you say. You know, we're not unused to five to four decisions that limit rights. But I think the 1991, I think at the time that Rachel was decided, 42 U.S.C. 1981, I don't think had an independent status that one could bring a claim in court. For example, somebody was suing under 42. Now, this is really a state's rights kind of decision that says that we, you know, you leave it up to the states unless you can show that the state system is somehow tarnished and that there are other remedies, they say, other than removal, that you can file a 1983 case later, that you can go to the Supreme Court from the state courts if there's an unconstitutional action. How does one square that with the language in 42 U.S.C. 1981 as amended? I'm not talking about at the time that Rachel was decided. I agree that at the time Rachel was decided, one couldn't bring an independent action under 42 U.S.C. 1981. I think the Jett case clearly shows you had to somehow incorporate it into a 1983 action to allow you to bring the type of claim. But now 1981 talks under subsection C about impairment under color of law. It talks about, and it's specifically a malicious prosecution statute. It talks about, and the cases all interpret 1981 as a malicious prosecution statute. So I don't think the Rachel or Greenwood case take that into couldn't have taken that into consideration. And I think at the time it was decided, it may very well have been true. But the statute now, as as amended, changes that. Thank you. Thank you. Good morning, Your Honors. Elena Gambara-Bentley, appellee on behalf of the people of the State of California. The appellant's asserting that the issue in this matter is a mere technical pleading issue that doesn't affect jurisdiction. Because it can be easily amended to plead with the requisite specificity under either Title 42 U.S.C. section 1981, 1983, or 1985 subsection 3. What appellant fails to appreciate, however, is that the district court must consider the pleadings as framed at the time of removal when making its determination of jurisdiction. Nor was the district court bound to permit appellant to amend to overcome those jurisdictional deficiencies when it was clear that the deficiency could not be overcome by amendment. So assuming for the sake of argument that the appellant is permitted and does allege violations under Title 42 section 1981, 1983, or 1985, and that we do deem that these sections are equivalent to section 1981 under the first prong of Rachel, appellant still cannot show that the state financial code violations with which he is charged involve conduct which is authorized or immunized by any Federal equal civil racial statute. Nor can appellant show that there's any Federal statutory right which is directly or necessarily violated by virtue of a State prosecution for these financial code violations. And is he really the first person ever prosecuted for violation of these statutes? I have not done independent research, but I am aware of a pending prosecution in Santa Clara County for the exact same financial code violations. Are any of the appellate courts of California dealt with this statute? Not that I'm aware of. Okay. It is a very rare statute, indeed. I believe that the appellant has failed to make any ties to a racial discriminatory prosecution in this matter. Defendant claims that there was an amended complaint filed. That's certainly a State issue, a State procedural pleading issue. I understand. I was not the trial DA, but I do understand that that was litigated in the State courts and determined to be erroneous that it was received and not filed. And therefore, the amendment was withdrawn, and there was no dismissal issue. With regard to the alleged Crawford, I believe counsel is proffering as evidence of this racial discrimination a Crawford issue. It's my understanding that the defendant below waived his right to preliminary hearing. Crawford subsequently came out. I'm not aware of any published decisions at this point, but there was argument in the State courts that Crawford does not apply to pretrial probable cause determinations, that Crawford applies Sixth Amendment trial rights. That was litigated. That was heard. I know that counsel does have additional pending petitions for writ of mandate in the Fourth District Court of Appeal. And for those reasons, I don't think that appellant can ever show the second palm under Rachel. That is that he cannot enforce or protect his civil rights in the State courts, or that should he be convicted of the financial code violations with which he is charged, that there is no State appellate review procedures available to him. He can certainly petition for review to the Fourth District Court of Appeal, which I believe he's done at least three times. You have to show under the second prong of Rachel in order to have a successful removal. Well, the defendant must show that the State court will not enforce whatever Federal right, civil, racial civil rights protection that he's alleging. And he must show that the State statute purports to command the State courts to ignore it or not to enforce it. I don't believe that that's possible. The defendant admits he engaged in the conduct which is statutorily prohibited. There is nothing racially motivated in the financial code violations with which the defendant's been charged. But he admits he engaged in the conduct which is prohibited? I don't understand that. If I understood appellant correctly, he was saying that his client did not disagree that he engaged in the conduct, but his allegation was that others also engaged in it, but by virtue of their race, they engaged in it with impunity. In any event, the State has the burden of proof, and it hasn't gone to trial, and it hasn't been proved, and it hasn't gone to a jury. That's correct. And there's been no conviction. That is correct. And it's my understanding that it has been. It's a racial challenge to the indictment based on what he understands the facts to be. Correct. So your understanding of the second prong of Rachel is that you have to have a State law that commands the courts to enforce a facially discriminatory State law? Either that or as applied that under Rachel, I believe, in that particular case, there was a trespass statute. And as applied, the prosecution necessarily violated the protected Federal civil right of the defendants there and involved. There's no such analogous situation in our case. If the statute is applied in a discriminatory manner, you're saying that's enough to meet the second prong? And if it's applied in one case in a discriminatory manner? Not necessarily, no. Well, that's what I was trying to understand, what it is that gets you around the second prong of Rachel. You say if there's a statute on the face of discriminatory state statute that the state courts are going to follow, that would get that would meet the second prong. And then you said, in addition, if the state statute is applied in a discriminatory manner, and that's what I'm trying to understand. I believe that the defendant has not shown and cannot show that there are not alternative remedies available to him in the state courts. He has not been denied access to available appellate procedures. There is no. Section 1443 simply does not authorize removal because of erroneous actions of judicial or administrative officials. There must be a showing that the prosecution is for the exercise of the civil rights that are couched in terms of racial discrimination. Well, at this point in time, he has the benefit of the presumption of innocence, doesn't he? Yes, he does. And that's what the state's extending it. Yes, he does. That's not discriminatory, is it? No, he no. Oh, yes, it is. No, I'm just kidding. Appellants further claiming that because he could have filed a direct civil rights action under any one of these Title 42 USC 1981, 1983, or 1985, he should be accorded greater pleading deference pursuant to Federal Rules of Criminal Procedure 8A, and that this should, you know, he should be accorded the same in the context of the Section 1443 removal claim. Appellee would assert that there is no authority for this. The district court has no authority to ignore the express statutory provisions of 1443 in the name of expanding. Suppose he was being singled out because of his race by the prosecutor's office. Would that satisfy the second prong of Rachel? We suppose actually in Riverside there is, in the Riverside area, there exists sufficient community racial bias that the prosecutor may very well have singled out, or I'm just saying hypothetically, but singled out someone because of their race being a minority in that area of the state. You keep talking about alternative remedies. What's his remedy for that? He can bring what's referenced as a mergia motion, an equal protection argument, or a claim of discriminatory prosecution in the state courts. He can pursue a writ to the district court of appeal from any denial of that motion by the trial court. And then upon any conviction, he's free to raise those claims yet again on appeal from conviction in the state courts and ultimately in the federal courts. And I guess the other part of my question is that, I mean, on the second prong, what if it is, what if there is racial bias in systematic prosecution of people based on race within that community, but it doesn't extend to the entire state? Say it wouldn't happen in Los Angeles, but it might happen in Riverside. Could he ever meet the second prong under that hypothetical? I believe with enough evidence, he could have presented that and pled that in a removal petition. But in the instant matter, we don't have that in this removal petition. What we have is a mere assertion of general rights applicable to all persons under the equal protection clause. And the district court here was looking at the removal petition as framed, and it was generic and no such evidence was presented to the court. And that's why the people believe or appellee believes that the district court was correct in it, in determining if there was no subject matter jurisdiction in remanding the matter back to the state court. And this came procedurally. It came up on a motion to remand by the people. You brought a motion to remand, and the court below granted it. Oh, that's correct. Did you have evidence? Was there an opportunity to submit evidence? Okay. If I understand procedurally, I wasn't involved at some point. I understand that he filed a removal petition and that the district court, Judge Fees, ordered a response by the people as to the propriety of removal to which we responded, saying that there was no subject matter jurisdiction. And then I believe Judge Fees issued his ruling remand or his remand order, sending it back to the state courts. And the state courts then proceeded with the pretrial matters. I understand that the trial has been continued yet again until January 2005, while appellant seeks another written fourth district court of appeal on a discovery issue. Thank you, counsel. Thank you. I just want to emphasize again that I don't think 1983 is the statute. I don't think that works for removal. And I'm ‑‑ Well, you're talking about 1981 and the amendment to 1981, which I can understand may cure your problem with prong one, which may give you a cause of action. And you can say it's clear it's a civil rights cause of action. It's protected by the removal statute. But how does that amendment solve your problem with respect to prong two? Well, it seems to me that Rachel already decided that prong one is satisfied with 42 U.S.C. 1981. It didn't need the amendment to do that. It clearly stated on its page 42 U.S.C. 1981 satisfies prong one. Rachel talked about a facially neutral statute that the defendants were being prosecuted under. I believe it was a criminal trespass law. The way I believe it satisfies the second prong is because the cases, as I read and I cited, talked about and allowed removal, talked about that if you have a Federal statute that immunizes the type of activity that the State is engaging in, then that in itself meets the second prong. And that's where the Federal Fair Housing Act immunizes the type of behavior that has allowed removal. I think the Soffarelli case in the 11th Circuit, the Voting Rights Act case, we talked about no coercion, immunizes the type of activity that they were talking about the State engaging in and allowed removal. And 81 now immunizes. Section 81 now immunizes malicious prosecution under subsection C. So I simply don't see how Mr. Duado is not entitled to at least an evidentiary hearing on his claims. Rachel talked about the fact that we are not going to have a historic, we don't allow a historic displacement between the State courts and the Federal courts, and I recognize that. One thing I didn't mention, though, and I think I should have, but I think it's clear now, in 1977, Congress amended this removal statute to now say that when you remove it to a Federal court, you are not wholly displacing the State court in a criminal matter. In a criminal matter, the State court can still proceed. It just can't proceed to judgment, which, as I understand it, means that the court could actually even have a trial on the matter, but it couldn't enter a formal judgment until the defendant is allowed at least an evidentiary hearing on his claims in Federal court. So I don't see how Mr. Duado shouldn't be afforded at least an evidentiary hearing to bring his claims. The court decided it purely on a legal question here, and the question about an amendment I believe we cited, the Perino and Seagate case, stands for the proposition that it is not jurisdictional in nature, that he could amend his pleadings if need be, if the court wants more specificity on this 1981 claim. Well, has your client pursued a selective prosecution claim in the State court? No, I don't believe so. If you were to have an evidentiary hearing, what, you would try to prove that this was a selective prosecution based on race? Yes, absolutely. And you're prepared to show that there are lots of other people who are committing the same offense who are not being prosecuted? When the court uses the term offense, I would say that we're engaging in the same activity who are not being prosecuted, and that those people have been handled either through administrative hearings or just simply, the State has simply looked the other way. Couldn't you have that evidentiary hearing in State court? Couldn't you bring that motion and have that evidentiary hearing in State court? The court has discouraged any further motions. At the last hearings that we've had, the court has indicated. Just because the court discourages something doesn't mean you can't do it. But once again, I don't see Rachel as requiring that the State court be able to I don't think it does, but I'm just wondering if you don't prevail here, you know, wondering what you can do in State court if you feel that you're We'll certainly consider our options at that point. But I want to stress once again that it seems to me that we I hate to characterize it, but I think there is a novel legal issue before the court here under these amendments, under the amendment of 42 U.C. 1981, an issue that has not been addressed by any court yet. And I think that respectfully, it needs to be addressed. I'm not saying that the jurisdictional statute should be wholly used to be able to remove every single case into a Federal court system. But a claim of this sort seems to me to fall within the ambit of the statute. Thank you. Thank you, Counsel. Case just argued will be submitted. Next case for oral argument is United States v. ESA.
judges: Reinhardt, Beezer, Wardlaw